Attorneys—Edward A. Foote, for Davis; Thompson, Hine & Flory, Cleveland, for Akron Co.

---

No. 397
HEMHOLZ v. HORST
U. S. Court of Appeals, 6th Circuit
No. 3887. Decided Jan. 11, 1924

647. INSURANCE—A will is effective designation of beneficiary under war risk policy, who was ineligible at time of execution.

DONAHUE, J.                    Epitomized Opinion

Appeal from the district court for the western division of the southern district of Ohio. Marshall, while serving in marine corps in France, applied for war risk insurance, but finding that he could not name his aunt as beneficiary under the law, upon the advice of his superior officers, he left the beneficiary clause blank. Before his death he made a will leaving everything, including this insurance, to his aunt, who had brought him up. After his death the act was amended, allowing the aunt to be beneficiary. The trial court found in favor of the aunt as against the other claimants, who would have inherited by the laws of descent. In affirming the judgment, the Circuit Court of Appeals held:

1. By leaving the beneficiary clause blank, but by naming a beneficiary in his will, there was an effective designation under the act as amended declaring such a beneficiary eligible.

Attorneys—W. W. Helmholz, Cincinnati, for Hemholz; E. H. Horton, Sp. Asst. U. S. Atty., Toledo, (R. Black, Toledo( on the brief), for Horst.

---

## U. S. DISTRICT COURT
No. 398
UNITED STATES v. SKILKEN et al
U. S. District Court S. D. Ohio, W. D.
No. 106. Decided Feb. 19, 1923

661. INTOXICATING LIQUORS—National Prohibition Act does not prohibit manufacture, transportation and sale for non-beverage purposes, under permit.

653. INTERNAL REVENUE—Statute punishing counterfeiting strip stamps to be attached to containers, not repealed by National Prohibition Act; "label" and "stamp" defined

SATER, D. J.                    Epitomized Opinion

Skilken and others were convicted of conspiring to counterfeit and issue strip stamps placed over bottles of liquor bottled in bond. A demurrer after the case was called for trial was overruled. Defendant had violated or disregarded the Bottling in Bond Act of March 3, 1897 (Comp. St. Par. 6070-6077). As a motion for a new trial was overruled, the defendant prosecuted error. In sustaining the judgment of the lower court, the United States Circuit Court held:

1. The National Prohibition Act does not absolutely prohibit the manufacture and sale of intoxicating liquors, but under title 2, 3, liquor for non-beverage purposes, such as for medicinal and sacramental purposes, may be manufactured, sold, and transported under a permit issued by Commissioner of Internal Revenue.

2. Act, March 3, 1897 (Comp. St. 6070-6077), regulating the bottling of distilled spirits in bond, and providing a punishment for counterfeiting the strip stamps required to be affixed to the bottles, was not repealed by National Prohibition Act, 12, requiring labels stating certain matters to be attached to the containers of liquor manufactured for sale under title 2, which provides no penalty for counterfeiting the labels, in view of Section 35, repealing only provisions of law inconsistent therewith, and providing that the regulations therein shall be construed as an addition to existing laws, and that the act shall not relieve any one from paying any taxes or charges imposed on the manufacture or traffic in liquor, and that the label called for in the Prohibition Act is different from the stamps required by the revenue and bottling in bond acts.

A label is a slip of paper or any other material, bearing a name, title, and address, etc., affixed to something to indicate its nature, contents, ownership, etc., which must be provided by the person who is to affix the same. A stamp is an official mark set on a thing chargeable with duty or tax, showing that the duty or tax is paid, made by the United States government only, and sold at a price equal to the duty or excise to be collected.

3. A person convicted of violating National Prohibition Act, 12, requiring labels to be attached to containers of liquors manufactured for sale under title 2 of the act, would not be twice put in jeopardy or punished for the same offense, on conviction for disregarding Bottling in Bond Act, March 3, 1897 )Comp. St. par. 6070-6077), since the offenses are of a totally different character.

Attorneys—James R. Clark and Thomas H. Morrow, for United States! Mattern, Brumbaugh & Mattern, Dayton, for Skilken.